

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2002

# Rush v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Rush v. Comm Social Security" (2002). *2002 Decisions*. Paper 505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-1066


DEBORAH E. RUSH,
                    Appellant

                v.

*JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

*(Pursuant to F.R.A.P. 43(c))
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 00-cv-02825)
District Judge: Honorable  Norma L. Shapiro


Submitted Under Third Circuit LAR 34.1(a)
on July 30, 2002

Before:  BECKER, Chief Judge, ROTH, and RENDELL, Circuit Judges.

(Filed: August 15, 2002)
_____


OPINION OF THE COURT
_____


RENDELL, Circuit Judge.
       Deborah Rush applied for Supplemental Security Insurance and Disability
Insurance Benefits, alleging disability due to carpal tunnel syndrome, degenerative joint
disease, arthritis, and hypertension.  The Administrative Law Judge ("ALJ") denied
Rush's claims, finding that she was not "disabled" as defined by the Social Security Act.
The District Court affirmed, holding that "substantial evidence" supported the ALJ's
denial of Rush's claim.  Rush appeals from the District Court's grant of summary
judgment in favor of the Commissioner of Social Security.
The District Court had jurisdiction over this matter pursuant to 42 U.S.C.
405(g), and we have jurisdiction on appeal pursuant to 28 U.S.C.  1291.  Our standard
of review requires us to determine whether there the ALJ's determination was based on
"substantial evidence."  Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S.
389, 401 (1971).
The ALJ denied Rush's application at step five of the sequential evaluation
process, finding that she retained the residual functional capacity ("RFC") to perform the
physical exertion requirements of light work with certain specified restrictions and that
jobs existed in the national economy which she was able to perform.  The ALJ's decision
regarding her RFC was based in part upon the objective medical evidence, including the
medical records of Rush's treating physicians, and in part upon the fact that Rush
continued to maintain a full range of daily living activities.  In reaching her conclusion,
the ALJ specifically rejected Rush's subjective complaints due to conflicts with objective

medical evidence. Finally, the ALJ relied on the vocational expert's opinion that based on Rush's RFC, age, education, and past work, a significant number of jobs existed in both the regional and national economies.

Rush first claims that the ALJ failed to adequately consider the Medical Listings at step three of the sequential process. We decline to address this issue, however, as Rush raises it for the first time on appeal.

Rush raises three additional arguments considered by the District Court: (1) the ALJ erred in finding that Rush's RFC relegated her to a range of light rather than sedentary work, (2) the ALJ did not properly evaluate the medical evidence of record, and (3) the ALJ did not properly evaluate Rush's credibility. After a thorough review of the record, and giving due consideration to the briefs filed in this appeal, we believe that the ALJ carefully considered the evidence in this case and his denial of her claim was supported by substantial evidence.

We do agree with Rush that the range of work the ALJ concluded she was able to perform is more properly characterized as sedentary rather than light work as defined at 20 C.F.R. 416.967. Specifically, the ALJ determined that "claimant has the residual functional capacity to perform the exertional demands of light work, with the restrictions that she needs a sit-stand option, must not engage in any prolonged standing or walking, must not engage in continuous repetitive motions of her hands and wrists, and needs to elevate her legs." Based on this detailed RFC, and not a general ability to do "light work," the ALJ determined that there were jobs existing in the national economy which she could perform. Rush adduced no medical evidence that any of her medical impairments rendered her unable to do the type of work the ALJ found her capable of. Therefore, whether her capacity was labeled as light or sedentary, the ALJ's ultimate conclusion would remain the same.

Accordingly, we will AFFIRM the District Court's order.

_____

TO THE CLERK OF COURT:

    Please file the foregoing Not Precedential Opinion.

                                        /s/ Marjorie O. Re
                                    Circuit Judge

Dated